# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| AMMIANUS POMPILIUS aka Anthony Prentice, | |
| Plaintiff, | 2:18-cv-01801-APG-VCF |
| vs. | **ORDER** |
| STATE OF NEVADA, EX REL, *et al.*, | |
| Defendants. | |

Before the Court are *pro se* Plaintiff's Motion to Extend Prison Copywork Limit (ECF No. 28) and Motion for Court Order to Direct the HDSP Law to Make Copies of Religious Texts for Exhibits to the Motion for Preliminary Injunction (ECF NO. 29).

No opposition has been filed and the time to file an opposition has passed. Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**Motion to Extend Prison Copywork Limit**

Plaintiff's Motion seeks an order from the Court to increase his legal photocopy account by $100.00 to file documents to support his Motion for Preliminary Injunction. *Id.*

**Discussion**

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concert of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980). The

Nevada Department of Corrections provides $100.00 of free legal copy work to prisoner litigants. Here, Plaintiff states that he has exceeded this amount and he has insufficient funds to file documents to support his Motion for Preliminary Injunction. (ECF No. 28). Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See*, e.g., *Collins v. Goord*, 438 Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker*, 43 F. 3d 1483 (10th Cir. 1994). In this instance, Plaintiff has demonstrated a particularized need for additional funds even though Plaintiff has since filed his reply to the Motion for Preliminary Injunction.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Prison Copywork Limit (ECF NO. 28) is GRANTED, and Plaintiff's fund is increased an additional $100.00.

Plaintiff has filed his reply in support of his motion for preliminary injunction, IT IS FURTHER ORDERED that the Motion for Court Order to Direct the HDSP Law to Make Copies of Religious Texts for Exhibits to the Motion for Preliminary Injunction (ECF NO. 29) is DENIED as MOOT.

DATED this 23rd day of December, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE