AARON D. FORD
 Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada  89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email:  ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Kim Thomas, Julio Calderin,*
*Brian Williams, James Dzurenda,*
*Harold Wickham, and Richard Snyder*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY PRENTICE,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>        Defendants. | Case No. 2:18-cv-01801-APG-VCF<br><br>**DEFENDANTS' MOTION TO EXTEND BY ONE MONTH THE TIME TO RESPOND TO PLAINTIFF'S APRIL 1, 2021 SUPPLEMENTAL BRIEF** |

Defendants, Kim Thomas, Julio Calderin, Brian Williams, James Dzurenda, Harold Wickham, and Richard Snyder, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Alexander J. Smith, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby move to extend the time to respond to Plaintiff Anthony Prentice's April 1, 2021 supplemental brief to his motion for a preliminary injunction (ECF No. 15).

A February 5, 2021 order that grants-in-part Prentice's motions (ECF Nos. 14 and 15) for a preliminary injunction states that if the parties are not able to find a suitable compromise on Prentice's request for chapel access, Prentice must file a supplemental brief

by May 1, 2021, and Defendants may respond within twenty-one days of service of that brief. Thus, the deadline that the court originally envisaged is May 22, 2021. Prentice submitted his supplemental brief on April 1, 2021; for the reasons stated below, Defendants request an extension of the deadline from April 22, 2021, to May 22, 2021.

## I. LAW AND ARGUMENT

### A. Rule 6(b), Federal Rules Of Civil Procedure

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Excusable neglect requires "a demonstration of good faith . . . and some reasonable basis for noncompliance within the specified period of time." *Petrocelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3rd Cir. 1995).

Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.") An action should be decided on its merits and not on technicality. *Rodriguez v. Village Green Realty*, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits). See generally 1 *Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

### B. Local Rule IA 6-1

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the

deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension.

### C. Good Cause Exists, Thus The Court Should Grant Defendants' Motion For An Extension Of The Response Deadline

Prentice's motion for a preliminary injunction involves the application of a strict scrutiny test under The Religious Land Use and Institutionalized Persons Act (RLUIPA); Defendants must demonstrate that the prohibition on Prentice's chapel access furthers a compelling governmental interest and does so by the least restrictive means. *See* 42 U.S.C. § 2000cc-1(a)(1)–(2).

Among other things, Defendants will argue that security and institutional management are compelling governmental interests that preclude granting Prentice access to the chapel under the Qayinite religion banner; *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005), holds that "[w]e do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety." "Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions." *Cutter*, 544 U.S. at 723. Congress anticipated that courts would apply the Act's standard with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter*, 544 U.S. at 723.

Defense Counsel is currently in the process of liaising with Defendants and prison management about various security and institutional management concerns and needs additional time to conduct enquiries and obtain declarations from relevant personnel, particularly relating to Prentice's past behavior both inside and outside the chapel. Also, any information involving institutional security will have to be reviewed and possibly redacted and filed under seal with the court. Defense Counsel is unable to complete all these activities by the current response deadline.

As a further example, Defense Counsel was recently alerted to an incident in which an inmate was accused of defacing the chapel floor with a pentagram. Relevant incident reports were requested as well as statements, but receipt of these remains pending, thus an extension of time is necessary. Overall, Defendants plan to argue that Prentice cannot demonstrate a legally satisfactory need for his religious group to use the chapel and that security concerns, a compelling governmental interest, preclude granting Prentice chapel access. Defendants cannot respond adequately without being in full possession of relevant documentation and declarations that will assist the court in adjudicating Prentice's motion for a preliminary injunction.

## II.  CONCLUSION

For the reasons outlined above, Defendants respectfully request additional time of one month to respond to Prentice's April 1, 2021 supplementary brief to his motion for a preliminary injunction. Defendants request a new deadline of May 22, 2021.

DATED this 19th day of April, 2021.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED:

Dated: April 20, 2021

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE
Case No. 2:18-cv-01801-APG-VCF

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 19, 2021, I electronically filed the foregoing **DEFENDANTS' MOTION TO EXTEND BY ONE MONTH THE TIME TO RESPOND TO PLAINTIFF'S APRIL 1, 2021 SUPPLEMENTAL BRIEF** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

>    Anthony Prentice, #74880
>    High Desert State Prison
>    P.O. Box 650
>    Indian Springs, Nevada  89070
>    Email: HDSP_LawLibrary@doc.nv.gov
>    *Plaintiff, Pro Se*

>    /s/ Carol A. Knight
>    CAROL A. KNIGHT, an employee of the
>    Office of the Nevada Attorney General