AARON D. FORD
 Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Kim Thomas, Julio Calderin,*
*Brian Williams, James Dzurenda,*
*Harold Wickham, and Richard Snyder*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY PRENTICE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-01801-APG-VCF<br><br>**DEFENDANTS' MOTION TO EXTEND BY FIFTEEN DAYS THE DEADLINE TO RESPOND TO PLAINTIFF'S FEBRUARY 8, 2021 DISCOVERY REQUESTS**<br><br>**(SECOND REQUEST)** |

Defendants, Kim Thomas, Julio Calderin, Brian Williams, James Dzurenda, Harold Wickham, and Richard Snyder, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Alexander J. Smith, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby move to extend the time in which to respond to Plaintiff Anthony Prentice's February 8, 2021 discovery requests. For the reasons outlined below, Defendants require an additional fifteen days; this will take the May 12, 2021 deadline (as ordered by ECF No. 72 at 1) to May 27, 2021. Defendants have good cause for an extension, and Prentice will not be prejudiced by this second extension.[1]

---

[1] Because Defendants previously demonstrated good cause (ECF No. 66), an April 30, 2021 order (ECF No. 72) extends the deadline date of Prentice's February 8, 2021 discovery requests to May 12, 2021.

Page **1** of **6**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LAW AND ARGUMENT

### A. Rule 6(b), Federal Rules Of Civil Procedure

Rule 6(b)(1), Federal Rules of Civil Procedure, governs an extension of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.") An action should be decided on its merits and not on a technicality. *Rodriguez v. Village Green Realty*, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving a dispute on its merits). See generally 1 *Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

### B. Local Rules IA 6-1 And 26-3

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

///

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.[2]

### C. Rules 33, 34, And 36, Federal Rules Of Civil Procedure

Rule 33(b)(2) requires a responding party to serve any answer and objection to an interrogatory within thirty days after being served with the interrogatories, and the court may extend the time. Rule 34(b)(2)(A) requires the party to whom a request for the production of documents is directed to respond in writing within thirty days after being served, and the court may extend the time. Rule 36(a)(3) governs the time limit for responding to a request for an admission; a matter is deemed admitted unless, within thirty days after being served, the party to whom the requested is directed serves on the requesting party a written answer or objection. As with Rules 33 and 34, the court may extend the time.

### D. Good Cause Exists For Extending A Second Time The Deadline To Respond, Thus The Court Should Grant Defendants' Motion To Extend By Fifteen Days The Deadline To Respond To Prentice's February 8, 2021 Discovery Requests

Prentice has served the following discovery requests on Defendants:

- Requests for Admission (RFA) to Snyder — Due 5/12/2021
- RFA to Dzurenda — Due 5/12/2021
- RFA to Williams — Due 5/12/202
- RFA to Thomas — Due 5/12/2021
- RFA to Calderin — Due 5/12/2021
- RFA to Wickham — Due 5/12/2021
- Interrogatories (Rogs) to Calderin — Due 5/12/2021
- Rogs to Thomas — Due 5/12/2021
- Rogs to Snyder — Due 5/12/2021
- Rogs to Dzurenda — Due 5/12/2021

---

[2] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, Defendants neither move to extend a discovery deadline nor move to reopen discovery, so they are not discussed in the analysis.

- Rogs to Wickham — Due 5/12/2021
- Rogs to Williams — Due 5/12/2021
- Request for the production of documents (RFPD) to Calderin — Due 5/12/2021
- RFPD to Snyder — Due 5/12/2021
- RFPD to Williams — Due 5/12/2021
- RFPD to Wickham — Due 5/12/2021
- RFPD to Thomas — Due 5/12/2021

For the reasons outlined below, Defendants require an additional fifteen days in which to respond to all of the above.

Prentice has requested an extensive amount of discovery: seventeen separate requests from a total of six defendants. Due to the voluminous amount of discovery, obtaining responses to these requests and formatting the responses and any relevant objections (in addition to producing the requested information itself) is taking much longer than expected. Also, the paralegal assigned to this case has recently been off on furlough leave and on sick leave.

Second, germane to this delay—which has affected timely responses in several other cases—the State of Nevada has ordered its first execution in two years, and all available staff have been roped in to deal with the case, including attorneys and paralegals, the latter of whom assist with much of the discovery-related work. *See State of Nevada v Zane Floyd* 8th JD A-21-832952-W; 8th JD 99C159897 with a determination of warrant on May 12, 2021; *Floyd v State of Nevada,* 9th Cir. 14-99012; USDC 2:06-cv-00471-RFB-CWH (the habeas challenges to the protocol); and *Floyd v Daniels* USDC 3:21-cv-00176-MMD-CLB (Section 1983 suit regarding the protocol).

An evidentiary hearing was held in the Section 1983 suit on Thursday May 6, which will likely result in further hearings and action by the State and the court. Additionally, the District Court Judge set briefing on protective orders as to deliberative process exceptions with a single day turnaround for both sides. This has inevitably had a short-term impact on operations across the Division and has consumed much of the paralegals' time in addition to their usual discovery-related responsibilities.

///

**E.     Meet And Confer**

In order for the court to consider a discovery motion, LR 26-6 requires the movant to meet and confer with the opposing party. Defense counsel met and conferred telephonically with Prentice on May 12, 2021, and Prentice stated that he does not oppose this motion.

**II.     CONCLUSION**

Defendants demonstrate good cause for extending the May 12, 2021 discovery response deadlines by fifteen days. This request will not affect the overall discovery deadline of August 4, 2021 (ECF No. 50). Defendants respectfully request an extension of time to May 27, 2021, to respond to all of Prentice's outstanding discovery requests dated February 8, 2021.

DATED this 12th day of May, 2021.

>           AARON D. FORD
>           Attorney General
>
>           By: /s/ Alexander J. Smith
>           ALEXANDER J. SMITH (Bar No. 15484C)
>           Deputy Attorney General
>
>           *Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

DATED this 18th_ day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 12, 2021, I electronically filed the foregoing **DEFENDANTS' MOTION TO EXTEND BY FIFTEEN DAYS THE DEADLINE TO RESPOND TO PLAINTIFF'S FEBRUARY 8, 2021 DISCOVERY REQUESTS (SECOND REQUEST)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Anthony Prentice, #74880
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada  89070
Email: HDSP_LawLibrary@doc.nv.gov
*Plaintiff, Pro Se*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General